# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**CURTIS JAMES DIXON,**

       **Plaintiff,**

v.                                     **CASE NO.:** 3:25-cv-00171

**WEST VIRGINIA STATE POLICE;**
**COLONEL C.J. CHAMBERS in his official**
**capacity as WVSP superintendent;**
**WVSP TROOPER TOLER, individually**
**and in his official capacity as a West Virginia**
**State Trooper,**

       **Defendants.**

## COMPLAINT

**COMES NOW** the Plaintiff, Curtis J. Dixon, by Counsel, Matthew A. Bradford and Bradford & Gray PLLC, Attorneys at Law and for his cause of action against the Defendants states as follows:

### PARTIES

1. That the Plaintiff, Curtis James Dixon, is a resident of Dayton, Ohio and at all times during the court of this incident was a resident of Dayton, Ohio.

2. That the Defendant, the West Virginia Department of State Police (WVSP), is a division of the Department of Public Safety, a West Virginia State Agency.

3. That Col. C. J. Chambers is presently the superintendent of the WVSP.

4. That the Defendant, Trp. Toler, is an officer with the Defendant West Virginia Department of State Police, and at all times relevant to this Complaint was acting under the color of law and in his official capacity as a law enforcement officer and agent of the West Virginia Department of State Police. He is sued both in his official

and individual capacity.

5. That on or about the 30th day of March, 2023, the Defendant Trp. Toler was acting within the scope of his employment and under color of state law when he violated Plaintiff Curtis James Dixon's constitutional rights; seized the Plaintiff's property without probable cause; and discriminated against the Plaintiff due to Plaintiff's race.

6. That this action is also brought against the West Virginia Department of State Police, among other things, its failure to properly train and supervise its Defendant officers in the proper establishment of policies, practices, procedures and customs concerning, among other things, investigations of its officers, treatment of citizens, search and seizure, and due process rights.

7. That the actions of the Defendants, as more specifically set forth hereinbelow, constitute a willful, knowing violation and deprivation of Plaintiff's rights secured by the Constitution of the United States in violation of 42 U.S.C. § 1983, specifically, the right to be free from excessive, unreasonable and arbitrary police action; the deprivation of liberty without due process of law; the right to be secure against unreasonable search and seizures; and the right to be free of racially motivated activity and racial discrimination by anyone acting under color of state law.

8. That the actions and inactions of all Defendants herein are in violation of the United States constitutional rights of Plaintiff and justify an award of reasonable attorney fees under 42 U.S.C. § 1988, and, Plaintiff is entitled to recover against Defendant officer Trp. Toler, in his official and individual capacity; and the West Virginia Department of State Police for the harm, damages, and losses proximately caused by the Defendants' conduct as set forth in this Complaint.

## JURISDICTION & VENUE

9. That the incidents and actions giving rise to this Complaint took place within Mason County, located in the southern region of West Virginia.

10. That this case involves claims issues arising from violations of Plaintiff's Federal Constitutional rights.

11. This Court has subject matter jurisdiction over the claims asserted herein in accordance with 28 USC 1331 as Plaintiff's claims arise under 42 USC § 1983.

12. That for the aforementioned reasons, jurisdiction and venue is proper in the Federal Court of the Southern District of West Virginia.

## STATEMENT OF FACTS

13. That the Plaintiff, Curtis James Dixon, is a forty-four (44) year old African American.

14. That on or about the 30th day of March, 2023, the Plaintiff, Curtis James Dixon, was traveling in his vehicle through Mason County, West Virginia.

15. That the Plaintiff was pulled over by Trp. Toler for speeding.

16. That during the course of the investigation, it was discovered that Plaintiff's licence was expired.

17. That Trp. Toler seized two cell phones and $17,230 in U.S. currency from the Plaintiff.

18. That Plaintiff's property was seized by Trp. Toler without consent or probable cause.

19. That Plaintiff, the following day, went to the Ohio Bureau of Motor Vehicles and paid to renew his license.

20. That on April 20, 2023, the charge for driving on an expired license was dismissed because Plaintiff presented proof of his valid license.

21. That on May 5, 2023, the DEA adopted the forfeiture of Plaintiff's property originally seized the WVSP Trp. Toler.

22. That on June 14, 2022, Plaintiff filed a claim to have the $17,230 returned to him.

23. That there was no legal justification for Trp. Toler to have seized Plaintiff's property.

24. That the $17,230 which had been seized from Plaintiff was the proceeds from the sale of a vehicle.

25. That the amount of money in Plaintiff's possession was lawfully possessed.

26. That there was no evidence that the money in Plaintiff's possession was obtained as a results of any criminal activity or enterprise.

27. That it was necessary for Plaintiff to subsequently obtain legal counsel to assist in recovering the unlawfully seized currency.

28. That over a year after Plaintiff's currency was seized, it was returned to him.

29. That as a direct and proximate cause of Defendant Tpr. Toler and the West Virginia Department of State Police's negligent and wrongful acts, Plaintiff Curtis James Dixon received damages, which include, but are not limited to: interference with the possessory interest of his property, denial of the use of and access to his property for an extended period of time; mental anguish; infliction of emotional distress, inconvenience; embarrassment; sorrow; right to the enjoyment of liberty as provided for in Article III, Section 1, 6, and 20 of the United States Constitution; and violation of Plaintiff Curtis James Dixon's civil and constitutional rights under 42 U.S.C. § 1983.

30. That the Defendants were not justified by their actions.

31. That together these improper actions constitute an extraordinary dereliction of duty.

32. That the Defendants are not immune from liability as there is a policy of insurance purchased by the State Board of Risk and Insurance which policy provides coverage for the claims asserted by the Plaintiff. Furthermore, there is no immunity for acts, which are fraudulent, malicious, or otherwise oppressive which Plaintiff contends these acts were.

33. That moreover, the conduct of the Defendants deprived the Plaintiff of the rights clearly established by Constitutional and statutory law.

### COUNT 1 - 42 U.S.C. § 1983 - 4th Amendment Claim

34. The Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs above as though the same were set forth herein verbatim.

35. That the conduct involved in the seizure of Plaintiff's property was performed by WVSP Trp. Toler, who was acting in his capacity as a trooper with the West Virginia State Police.

36. That WVSP Trp. Toler was at all times acting as a government official under the color and authority of state law.

37. That there existed no probable cause for the seizure of Plaintiff's property.

38. That Plaintiff did not consent to the seizure of his property.

39. That there were no exigent circumstances justifying seizure of Plaintiff's property.

40. That there was no warrant authorizing the seizure of Plaintiff's property.

41. That the seizure of Plaintiff's property was unjustified and unreasonable.

42. That the seizure of Plaintiff's property meaningfully interfered with Plaintiff's possessory interest in the property.

43. That Plaintiff was denied the opportunity to contest the seizure.

44. That as a result of the unlawful seizure, Plaintiff was denied the use of and access to his property for an extended period of time.

45. That Plaintiff required the assistance of legal counsel to help him recover his unlawfully seized property.

46. That the unlawful seizure of the Plaintiff's personal property was in violation of Plaintiff's rights under the Fourth Amendment of the United States Constitution to be free from unreasonable searches and seizures.

47. That the unlawful seizure of the Plaintiff's property was so egregious, outrageous, and an abuse of power in violation of Plaintiff's rights under the Fourteenth Amendment to due process of law as said acts shock the conscience. Further, the Defendant officer Tpr. Toler's acts as set forth hereinabove, was done while he was acting under color of the authority as a police officer.

48. That Defendant Tpr. Toler and Defendant West Virginia Department of State Police acted jointly in support of each other to achieve Plaintiff's damages.

49. That the Defendant officer Tpr. Toler, acting under the color of law, statutes, ordinances, regulations, customs and usage and within the scope of his employment without provocation and legal cause, denied and did conspire to deny the Plaintiff the rights, privileges, and immunities, and the equal protection of the laws to which the Plaintiff is entitled under the constitutions of the United States and the State of West Virginia including the right to be free from unreasonable searches and seizures, in

violation of West Virginia Code § 1983.

50. That the Defendants acted recklessly, and with callous disregard of the Plaintiff's rights.

51. That the Defendants engaged in such conduct with the requisite intent to constitute oppression, outrage, malice, conspiracy and conscious disregard, thereby entitling the Plaintiff to punitive damages in an amount appropriate to punish the Defendants and to discourage such conduct in the future.

52. That as a result of the aforementioned, the Plaintiff, Curtis James Dixon, has suffered sorrow, embarrassment, inconvenience, mental anguish, loss of his personal property for an extended period of time, and has otherwise been damaged, with emotional distress, violation of his constitutional rights and is therefore entitled to damages, punitive damages, and attorney fees and costs pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

**COUNT 2 - 42 U.S.C. § 1983 - 14th Amendment Claim**

53. The Plaintiff repeats, realleges, and incorporates by reference the allegations contained in paragraphs above as though the same were set forth herein verbatim.

54. That Plaintiff is a African American man.

55. That Plaintiff was pulled over in Mason County, West Virginia by the Defendant, Trp. Toler.

56. That as a result of this routine traffic stop, WVSP Trp. Toler seized two cell phones and $17,230 of Plaintiff's property.

57. The seizures of Plaintiff's property was unjustified and unreasonable.

58. That it is not a normal or acceptable practice for a government actor to seize phones and currency as a result of a routine traffic stop.

59. That the property of similarly situated white individuals is not confiscated.

60. That to the Plaintiff's knowledge and belief, the Defendants unlawfully seized his property because he was African American and carrying a large sum of money.

61. That racially discriminatory motivations for seizing property are impermissible and serve no compelling government interest.

62. That this pattern and practice has a harsh and disparate impact on African American individuals.

63. That in discriminating against the Plaintiff Curtis James Dixon based upon Plaintiff's race, the Defendants violated Plaintiff's constitutional rights and caused damages to the Plaintiff, including, but not limited to the unlawful seizure of his property, interference with his possessory interest, violation of Plaintiff's due process rights, emotional distress, embarrassment, inconvenience, and mental anguish.

64. That the Defendants engaged in such conduct with the requisite intent to constitute oppression, outrage, malice, fraud, and conscious disregard, thereby entitling the Plaintiff to punitive damages in an amount appropriate to punish the Defendants and to discourage such conduct in the future.

65. That the Plaintiff suffered damages as a result of being racially targeted by the Defendants when his property was unlawfully and unreasonably seized.

66. That the Plaintiff continues to experience fear and anxiety related to the incident.

**WHEREFORE**, due to the above described conduct, the Defendants have directly and proximately caused injury to the Plaintiff and the Plaintiff demands the following relief from the Defendants:

- A. That he be awarded all compensatory damages and general damages for which the Defendants are liable for the violation of his constitutional rights in a fair and just amount to be determined by the jury at trial;

- B. That he be awarded all damages, including, but not limited to, emotional distress, humiliation, inconvenience, mental anguish, and embarrassment.

- C. Punitive damages in a fair and just amount to be determined by the jury at trial;

- D. Policy Limits of the insurance coverage for the Defendant West Virginia Department of State Police;

- E. Pre-judgement and post-judgement interest;

- F. Costs and attorney fees expended in this action; and

- G. Any other further general or specific relief with the Court or the jury deems just and proper. A jury trial is requested.

**CURTIS JAMES DIXON**
By Counsel

*/s/ Matthew Bradford*

**BRADFORD & GRAY, PLLC**
**Attorneys at Law**
Matthew A. Bradford (WV State Bar I.D. No.: 11323)
Brandon L. Gray (WV State Bar I.D. No.:13071)
220 North Fayette Street
Beckley, WV 25801
Phone: (304) 255-5628
Fax: (304) 255-7071