IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CURTIS JAMES DIXON,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 3:25-00171

WEST VIRGINIA STATE POLICE;
COLONEL C. J. CHAMBERS,
in his official capacity as WVSP superintendent;
WVSP TROOPER TOLER,
individually and in his official capacity as a
West Virginia State Trooper,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Dismiss (ECF 5). For the reasons stated below, the Court **GRANTS** the Motion **in part** and **DENIES** the Motion **in part**.

## BACKGROUND

Plaintiff Curtis James Dixon, an Ohio resident, was driving through West Virginia when Defendant Toler, an officer with the West Virginia Department of State Police ("WVSP") pulled Plaintiff over for speeding. ECF 1, Compl. ¶¶ 1, 4, 14–15. After discovering that Plaintiff's license was expired, Toler seized two cell phones and about $17,000 in cash from Plaintiff. *See id.* ¶¶ 16–17.

According to Plaintiff, "there was no evidence that the money in Plaintiff's possession was obtained as a result of any criminal activity . . . ." *Id.* ¶ 26. Plaintiff alleges that, pursuant to a "pattern and practice," Toler "seized [Plaintiff's] property because he was African American and

carrying a large sum of money." *Id.* ¶¶ 60, 62. Plaintiff claims that "the property of similarly situated white individuals is not confiscated." *Id.* ¶ 59.

Plaintiff sued the WVSP, WVSP Superintendent Colonel C. J. Chambers in his official capacity, and Trooper Toler in his individual and official capacities. *See id.* ¶¶ 2–4. He claims that the seizure violated his rights under the Fourth and Fourteenth Amendments of the United States Constitution. *See id.* ¶¶ 46–47.

Defendants' Motion asks the Court to dismiss all of Plaintiff's claims, except for the claims against Toler in his individual capacity. *See* ECF 6 at 1. Defendants argue that the WVSP, and Chambers and Toler in their official capacities, are entitled to sovereign immunity under the Eleventh Amendment of the United States Constitution.[1] *See id.* at 2.

## LEGAL STANDARD

The Eleventh Amendment generally bars an individual from suing a state or a state agency in federal court. *See Roach v. W. Va. Reg'l Jail & Corr. Facility Auth.*, 74 F.3d 46, 48 (4th Cir. 1996). "State officers acting in their official capacity are also entitled to Eleventh Amendment protection, because 'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.'" *Lytle v. Griffith*, 240 F.3d 404, 408 (4th Cir. 2001) (quoting *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989)).

An "exception to this rule is found, however, in *Ex parte Young*, 209 U.S. 123 (1908), which allows suits against state officers for prospective equitable relief from ongoing violations of federal law." *Id.* (cleaned up). The "exception is directed at 'officers of the state who are clothed

---

[1] While Defendants appear to move for dismissal under Federal Rule of Civil Procedure 12(b)(6), *see* ECF 6 at 1, "the Fourth Circuit has not yet resolved whether a motion to dismiss based on sovereign immunity is properly considered pursuant to Rule 12(b)(1) or Rule 12(b)(6)." *A. M. v. Demetro*, No. 2:22-00421, 2024 WL 218139, at *1 (S.D. W. Va. Jan. 19, 2024). This is of no consequence here, as the Court would not rule differently depending on whether it considered Defendants' Motion under Rule 12(b)(1) or Rule 12(b)(6).

with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings to enforce against parties affected by an unconstitutional act.'" *McBurney v. Cuccinelli*, 616 F.3d 393, 399 (4th Cir. 2010) (quoting *Ex parte Young*, 209 U.S. at 155–56). There must be "a 'special relation' between the officer being sued" and the challenged state action. *Id.* (quoting *Ex parte Young*, 209 U.S. at 157). The special-relation requirement "is not met when an official merely possesses 'general authority to enforce the laws of the state . . . .'" *Id.* (quoting *S.C. Wildlife Fed'n v. Limehouse*, 549 F.3d 324, 331 (4th Cir. 2008)).

## ANALYSIS

### A. Claims Against the WVSP

The WVSP, as a state agency, is immune from suit. Accordingly, the Court will grant Defendants' Motion insofar as it seeks dismissal of Plaintiff's claims against the WVSP.

### B. Claims Against Toler in His Official Capacity

While Plaintiff alleges that Defendants had an unconstitutional policy and practice of treating people differently based on their race, he has not alleged that Trooper Toler has any special relation to that policy or practice. The Complaint does not suggest that Toler had anything other than "general authority to enforce" West Virginia law. *Id.* Accordingly, the *Ex parte Young* exception does not apply to Plaintiff's claims against Toler in his official capacity. Since sovereign immunity bars these claims, they must be dismissed.

### C. Claims Against Chambers

In contrast, there is reason to believe that Colonel Chambers has a special relation to the alleged policy and practice. Chambers's role as superintendent of the WVSP allows the Court to infer that he has significant control over and responsibility for the WVSP's policies and the conduct of its officers. *See* W. Va. Code § 15-2-3(a) (giving the WVSP superintendent authority

over WVSP training); *id.* § 15-2-21 (giving the WVSP superintendent authority to discipline officers for misconduct).

Defendants argue that the claims against Chambers should nevertheless be dismissed because Plaintiff's request for "general or specific relief," Compl. at 9, does not put Defendants "on notice of what, if any, prospective relief Plaintiff seeks," ECF 16 at 3. Defendants cite to no authority, however, suggesting that the specificity of a plaintiff's request for prospective relief is relevant for evaluating a defendant's Eleventh Amendment immunity.

Accordingly, it is plausible that the *Ex parte Young* exception applies to Plaintiff's claims against Chambers. The Court will deny Defendant's Motion with respect to these claims.

### D. Request to Dismiss with Prejudice

Defendants ask the Court to dismiss Plaintiff's claims with prejudice. *See* ECF 5 at 1. To dismiss the claims with prejudice, the Court would have to determine that "the allegation of other facts consistent with the [Complaint] could not possibly cure [its] deficienc[ies]." *Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172 (4th Cir. 2009) (quoting *Belizan v. Hershon*, 434 F.3d 579, 583 (D.C. Cir. 2006)).

Here, there are no facts Plaintiff could allege that would alter the WVSP's entitlement to immunity in this case. Accordingly, the Court agrees that Plaintiff's claims against the WVSP should be dismissed with prejudice.

However, it *is* possible that Plaintiff could add facts to his Complaint, consistent with those already pled, that reveal a special relation between Toler and the WVSP's alleged policy and practice of discrimination and thereby make it plausible that the *Ex parte Young* exception applies to the claims against Toler. Accordingly, the Court will dismiss these claims without prejudice.

## CONCLUSION

The Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss (ECF 5). The Court **DISMISSES** Plaintiff's claims against the WVSP **with prejudice**. The Court **DISMISSES** Plaintiff's claims against Trooper Toler in his official capacity **without prejudice**.

While the Court declines to dismiss Plaintiff's claims against Col. Chambers, it is unclear whether Plaintiff has Article III standing to seek injunctive relief against him. Accordingly, the Court **DIRECTS** Plaintiff to file a brief with the Court by **November 17, 2025** discussing whether Plaintiff has standing to pursue his claims against Col. Chambers. Defendants will have **fourteen days** after Plaintiff files his brief to respond. Plaintiff will have **seven days** after Defendants file their response to reply.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

ENTER:   November 3, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE